IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ZACHARY ETHRIDGE,            )
                             )
              Plaintiff,     )
                             )
        v.                   )   No. 12-3280-SSA-CV-S-MJW
                             )
CAROLYN W. COLVIN,           )
Acting Commissioner,         )
Social Security Administration, )
                             )
              Defendant.     )

## ORDER

Plaintiff Zachary Ethridge seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on July 18, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

existing evidence is substantial, we consider evidence that detracts from the
Commissioner's decision as well as evidence that supports it.  As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhardt, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1987 and was 22 years of age on the date of his applications for disability and Supplemental Security Income, February 9, 2009.  The plaintiff alleged disability beginning March 1, 1995.  Due to a pending appeal on a prior claim, the Administrative Law Judge (ALJ) considered the period from the day after the date of the last unfavorable decision.  Thus, for the purposes of the ALJ's decision, the onset date considered is October 27, 2007.

The ALJ determined that plaintiff had not engaged in substantial gainful activity since October 27, 2007, and that he suffered from the severe impairments of attention deficit disorder, bipolar disorder, generalized anxiety disorder, avoidant personality disorder, and obesity.  The ALJ determined that plaintiff did not have an impairment, or combination of impairments, that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Although plaintiff suffers from some severe impairments, because they do not

2

cause at least two "marked[2]" limitations or one "marked" limitation and "repeated" episodes of decompensation[3], each of extended duration, the "paragraph B" criteria of the mental listings are not satisfied. In addition, the ALJ found that the plaintiff did not meet the criteria for "paragraph C" of the mental listings. The ALJ determined that the plaintiff has the residual functional capacity (RFC) to perform light work, but with some limitations to account for his physical and psychological impairments. Plaintiff has no past relevant work to assess. With the assistance of testimony from a vocational expert, the ALJ determined that when not offered a sit/stand option, plaintiff would be able to perform the requirements of representative light unskilled occupations such as cleaner housekeeper and packager hand. The ALJ determined that when plaintiff could be offered a sit/stand option, he would be able to perform the requirements of sedentary unskilled occupations such as production assembler and packager hand. The ALJ concluded that considering the plaintiff's age, education, work experience, and RFC, the plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Therefore, a finding of not disabled was appropriate.

Plaintiff argues the ALJ erred by failing to find that the plaintiff met the requirements for Listing 12.05C for mental impairment, or alternatively failed to analyze why the plaintiff failed to meet Listing 12.05C in the opinion; the ALJ erred by failing to properly accept Plaintiff's treating physician's opinion as controlling or at least give the opinion proper deference; and that the ALJ erred in failing to properly evaluate plaintiff's credibility and subjective reports of pain and concentration and the impact of these limitations on his ability to work under Social Security Ruling 96-7 and Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[4]

---

[2] A "marked" limitation is defined as a limitation that is moderate, but less than extreme. (ALJ opinion at 4.)

[3] "Repeated" episodes of decomposition are defined as three episodes within one year, or an average of once every four months, each episode lasting for at least two weeks.

[4] Once the ALJ reaches step four of the sequential evaluation process, he must analyze both the objective medical evidence and subjective evidence to determine disability. The ALJ is not free to rely solely on objective medical evidence and ignore a claimant's subjective complaints. Once a claimant has established, by medically acceptable objective evidence, an underlying impairment that could reasonably be expected to cause the subjective complaints, a claimant's subjective complaints about the intensity or degree of his or her symptoms can be enough to establish disability. See Brand v. Secretary, 623 F.2d 523, 525 (8th Cir. 1980), Clark v. Chater, 75 F.3d 414, 417 (8th Cir. 1996).

3

In response, the Commissioner argues the ALJ properly found that the plaintiff failed to meet Listing 12.05C. In addition, the Commissioner argues the ALJ gave convincing reasons for assigning reduced weight to the opinion of plaintiff's treating physician. The Commissioner also argues the ALJ gave convincing reasons for discounting plaintiff's credibility, and those reasons are supported by substantial evidence. Finally, the Commissioner argues that substantial evidence supports the ALJ's finding that plaintiff could perform several light jobs.

Upon review, the ALJ properly determined that the plaintiff did not meet the Listing 12.05C requirements. Furthermore, the ALJ did not err in weighing the medical evidence or evaluating the plaintiff's credibility and there is substantial evidence to support these findings. Therefore, a finding of "not disabled" was appropriate.

First, the ALJ properly determined and discussed that the plaintiff did not meet the Listing 12.05C requirements. An ALJ does not err when she does not explain why an impairment fails to qualify as one of the listed impairments as long as the ALJ's general conclusion is supported by the record. Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011). In this case, the ALJ's conclusion was supported because the plaintiff failed to prove two of the three required factors to meet Listing 12.05C, including showing a valid IQ score and demonstrating deficits in adaptive functioning. Therefore, the ALJ's determination that plaintiff did not meet Listing 12.05C requirements was correct and sufficiently discussed.

Second, the ALJ properly discussed the opinion of plaintiff's treating physician, Dr. Zolkowski, and gave valid reasons for discounting his opinion; specifically, that Dr. Zolkowski's opinions are not supported by treatment notes or by the results of clinical or diagnostic testing and are inconsistent with the evidence as a whole. An ALJ has the authority to discount the opinion, even of a treating physician, when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007); see also Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (quoting Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (The Eighth Circuit has repeatedly stated that "[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.")).

Finally, the ALJ gave valid reason for discounting the credibility of the plaintiff's testimony; specifically, that plaintiff received only routine and conservative treatment for his conditions, that plaintiff's conditions improved with medication, that no physician restricted plaintiff's activities, that plaintiff's daily activities were inconsistent with his complaints of disabling pain, and that plaintiff had a poor work record. In this case, because the ALJ pointed to substantial evidence in the record supporting each rationale, the Court should defer to the ALJ's credibility finding. See Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007).

## Conclusion

It is ultimately up to the ALJ to resolve conflicts in the evidence; including the weight each medical opinion is due. Hacker v. Barnhart, 459 F.3d 934 (8th Cir. 2006); 20 C.F.R. § 404.1527(d)(2). The ALJ need not explain why an impairment does not qualify as a listed impairment when the ALJ's conclusion is supported by the record. Boettcher, 652 F.3d at 863. In determining the credibility of the plaintiff, the Court must defer to the ALJ's determinations if each rationale is supported by substantial evidence. Casey, 503 F.3d at 696. There is substantial evidence in the record as a whole to support that plaintiff is not disabled as defined by the Social Security Act.[5]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed. Dated this 30th day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[5] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

5